**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DANIEL HARPER**, | : | **CIVIL ACTION NO. 1:08-CV-2272** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **JEFFERY BEARD**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 25th day of March, 2009, upon consideration of the report of

the magistrate judge (Doc. 7), to which no objections were filed, recommending that

plaintiff's complaint be dismissed in part pursuant to 28 U.S.C. § 1915,[1] and,

following an independent review of the record, it appearing that the magistrate

judge correctly identified claims that plaintiff has inadequately pled, but that the

recommendation does not include a provision allowing plaintiff to rectify his

---

[1] Section 1915(e)(2)(B)(ii) provides for dismissal of a prisoner's *in forma pauperis* complaint that fails to state a claim upon which relief may be granted.

Case 1:08-cv-02272-CCC   Document 17   Filed 03/25/09   Page 2 of 3

complaint through amendment,[2][3] see Urrutia v. Harrisburg County Police Dep't, 91

F.3d 451, 453-454 (3d Cir. 1996) (holding that a *pro se* litigant must be given leave to

amend a complaint when doing so may potentially cure any defects therein), it is

hereby ORDERED that:

1.      The report and recommendation of the magistrate judge (Doc. 7) is
        ADOPTED in part and REJECTED in part as follows:

        a.      The report is ADOPTED insofar as it determines that plaintiff's
                complaint states cognizable Eighth Amendment claims alleging
                the use of excessive force and failure to provide meals.

        b.      The report is ADOPTED insofar as it determines that plaintiff's
                complaint inadequately states the following claims:  (1)
                unconstitutional cell conditions; (2) the deprivation of the free
                exercise of religion; (3) obstruction of access to the courts; (4)
                unconstitutional verbal harassment, and; (5) the unconstitutional
                issuance of false misconduct reports.

        c.      The report is REJECTED insofar as it does not afford plaintiff
                the opportunity to amend his complaint.  See Urrutia, 91 F.3d at
                453-454.

2.      The claims described in Paragraph 1(b) will be DISMISSED without
        prejudice.

---

[2] It is unclear from the report (Doc. 7) whether the magistrate judge is
recommending that plaintiff's claims be dismissed with or without prejudice.

[3] The Third Circuit has consistently held that when a *pro se* complainant's
§ 1983 action is inadequately pled, the plaintiff must be afforded an opportunity to
amend.  See Darr v. Wolfe, 767 F.2d 79, 81 (3d Cir. 1985) ("[W]hen an individual has
filed a complaint under § 1983 which is dismissable for lack of factual specificity, he
should be given a reasonable opportunity to cure the defect, if he can, by
amendment of the complaint and . . . denial of an application for leave to amend
under these circumstances is an abuse of discretion."); see also Urrutia v.
Harrisburg County Police Dep't, 91 F.3d 451, 454 n.1 (3d Cir. 1996) ("[T]he rule that
an amendment must be permitted whenever it will cure a frivolous complaint would
apply with equal force whenever an amendment would save a complaint from
dismissal for failure to state a claim upon which relief may be granted.").
Therefore, the court concludes that plaintiff should be permitted either to amend
his complaint pursuant to the deficiencies outlined in the magistrate judge's report
(Doc. 7), or to stand on his complaint without amendment.

3.    Plaintiff shall be permitted to file, on or before April 17, 2009, an
      amended complaint that alleges one or more of the following:

      a.    Personal involvement or knowledge on behalf of each defendant
            pertaining to the alleged violations of plaintiff's rights.

      b.    Specific actions that resulted in plaintiff's inability to practice his
            religion, or to gain access to the courts in such a way that
            frustrated pending litigation.

      c.    Plaintiff's failure to timely file an amended complaint will result
            in the case proceeding under the Eighth Amendment claims
            identified in Paragraph 1(a).

4.    The above-captioned case is REMANDED to the magistrate judge for
      further proceedings.


                          S/ Christopher C. Conner
                          CHRISTOPHER C. CONNER
                          United States District Judge