IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL HARPER, | : | CIVIL ACTION NO. **1:CV-08-2272** |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| JEFFERY BEARD, et al., | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. BACKGROUND.**

On December 19, 2008, Plaintiff, Daniel Harper, currently an inmate at the State Correctional Institution at Graterford ("SCI-Graterford"), Graterford, Pennsylvania, filed, *pro se*, the instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1).  Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 2).[1]

After engaging in the required screening of Plaintiff's Complaint under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §1915A, we issued a Report and Recommendation ("R&R") on January 13, 2009, in which we recommended as follows:

> That Plaintiff's October 4, 2008 Eighth Amendment conditions of confinement claim against Defendants Chiles and Beard regarding the cleanliness of his RHU cell be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).
>
> That Defendant Beard be dismissed entirely from this case.
>
> That Plaintiff's First Amendment free exercise of religion and access to

---

[1] Plaintiff's *in forma pauperis* Motion has not yet been granted since it is not certain at this time if Plaintiff will be proceeding on his original Complaint in conjunction with his Amended Complaint.  When Plaintiff's pleading(s) is served on Defendants, the Court will decide Plaintiff's *in forma pauperis* Motion.

>   courts claims, and his claims relating to verbal harassment and being issued false misconduct reports, be dismissed.
>
>   That Plaintiff's October 4, 2008 Eighth Amendment excessive force claim against Defendant Kelsoe be allowed to proceed.
>
>   That Plaintiff be allowed to proceed with respect to his Eighth Amendment conditions of confinement claim against Defendants Chiles and Kelsoe only for their alleged failure to feed him on numerous occasions from September 16, 2008 through October 10, 2008, including six consecutive days without food, which resulted his loss of over 20 pounds.
>
>   That this case be remanded to the undersigned for further proceedings as against Defendants Chiles and Kelsoe, including the granting of Plaintiff's *in forma pauperis* motion (Doc. 2) and directing service of his Complaint on the stated two Defendants.

(Doc. 7).

On March 25, 2009, the District Court reviewed our stated R&R and issued the following Order:

>   1. The report and recommendation of the magistrate judge (Doc. 7) is ADOPTED in part and REJECTED in part as follows:
>
>       a. The report is ADOPTED insofar as it determines that plaintiff's complaint states cognizable Eighth Amendment claims alleging the use of excessive force and failure to provide meals.
>
>       b. The report is ADOPTED insofar as it determines that plaintiff's complaint inadequately states the following claims: (1) unconstitutional cell conditions; (2) the deprivation of the free exercise of religion; (3) obstruction of access to the courts; (4) unconstitutional verbal harassment, and; (5) the unconstitutional issuance of false misconduct reports.
>
>       c. The report is REJECTED insofar as it does not afford plaintiff the opportunity to amend his complaint. See Urrutia, 91 F.3d at 453-454.

    2.      The claims described in Paragraph 1(b) will be DISMISSED without prejudice.

    3.      Plaintiff shall be permitted to file, on or before April 17, 2009, an amended complaint that alleges one or more of the following:

          a.      Personal involvement or knowledge on behalf of each defendant pertaining to the alleged violations of plaintiff's rights.

          b.      Specific actions that resulted in plaintiff's inability to practice his religion, or to gain access to the courts in such a way that frustrated pending litigation.

          c.      Plaintiff's failure to timely file an amended complaint will result in the case proceeding under the Eighth Amendment claims identified in Paragraph 1(a).

(Doc. 17).

On April 10, 2009, Plaintiff filed a two and one-half page document styled as his Amended Complaint. (Doc. 19). We find that Plaintiff's Amended Complaint is not a complete pleading; rather, it is a supplement to his original Complaint. We now screen Plaintiff's Amended Complaint.

**II. DISCUSSION.**

As stated, Plaintiff's Amended Complaint is not a complete pleading. Nor does it comport with the directives stated in ¶ 3. of the District Court's March 25, 2009 Order. Plaintiff's Amended Complaint concerns only Defendants Lt. Chiles and CO Kelsoe, who is also referred to by Plaintiff as CO "Koelsch." Plaintiff's allegations in his Amended Complaint again regard the filing of false misconduct reports against him by Defendants Lt. Chiles and CO Kelsoe and the conditions of the RHU cell in which he was placed, *i.e.* the lack of cleanliness of the cell (feces and urine) and the lack of a working sink. Plaintiff avers that Defendants Chiles and Kelsoe were supposed to have had the cell cleaned by the previous inmate and repaired before he was placed into it, and that they

failed to perform their duty.

While Plaintiff does aver the personal involvement of both Defendants Lt. Chiles and CO Kelsoe regarding his Eighth Amendment conditions of confinement claim with respect to the cleanliness of his RHU cell and regarding his claim that false misconduct reports were filed against him, we again recommend that these two clams be dismissed for the same reasons we recommended that these claims be dismissed from Plaintiff's original Complaint. (Doc. 7). As indicated above, the District Court adopted our recommendations and did not direct Plaintiff to amend these claims.

Further, Plaintiff did not comply with the directives stated in ¶ 3. of the District Court's March 25, 2009 Order with respect to the claims he was permitted to amend in his pleading, namely, his First Amendment free exercise of religion claim and his First Amendment access to the courts claim. Pursuant to our discussion in our Doc. 7 R&R (pp. 14-17), Plaintiff's Amended Complaint does not properly allege either of the stated First Amendment claims, and it does not even address such claims.

Thus, we will recommend that only Plaintiff's original Complaint be served on the remaining Defendants, Chiles and Kelsoe, regarding his Eighth Amendment claims, namely, Plaintiff's October 4, 2008 Eighth Amendment excessive force claim against Defendant Kelsoe and his Eighth Amendment conditions of confinement claim against Defendants Chiles and Kelsoe for their alleged failure to feed him on numerous occasions from September 16, 2008 through October 10, 2008. We will not recommend that Plaintiff be granted leave to amend his Complaint once again with respect to his First Amendment claims, since he has already be given one opportunity to do so and

he failed to avail himself of this opportunity.

### III. RECOMMENDATION.

Based on the foregoing, it is respectfully recommended that Plaintiff's Amended Complaint (Doc. 19) be dismissed for failure to comply with the District Court's March 25, 2009 Order and for failure to state any First Amendment claims. It is also recommended that only Plaintiff's original Complaint be served on the remaining Defendants, Lt. Chiles and CO Kelsoe, regarding his Eighth Amendment claims, namely, Plaintiff's October 4, 2008 Eighth Amendment excessive force claim against Defendant Kelsoe and his Eighth Amendment conditions of confinement claim against Defendants Chiles and Kelsoe for their alleged failure to feed him on numerous occasions from September 16, 2008 through October 10, 2008. Further, it is recommended that Plaintiff's *in forma pauperis* motion (Doc. 2) be granted. Finally, it is recommended that Plaintiff's case be recommitted to the undersigned for further proceedings.

> **s/ Thomas M. Blewitt**
> **THOMAS M. BLEWITT**
> **United States Magistrate Judge**

**Dated: April 14, 2009**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL HARPER, | : | CIVIL ACTION NO. **1:CV-08-2272** |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| JEFFERY BEARD, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 14, 2009.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                    **s/ Thomas M. Blewitt**
                                                    **THOMAS M. BLEWITT**
                                                    **United States Magistrate Judge**

**Dated: April 14, 2009**