# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL HARPER**, | : | CIVIL ACTION NO. 1:08-CV-2272 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **JEFFERY BEARD**, *et al.*, | : | |
| Defendants | : | |

# **ORDER**

AND NOW, this 8th day of June, 2009, upon consideration of the report of the magistrate judge (Doc. 20), to which no objections were filed, recommending that plaintiff's complaint be dismissed in part pursuant to 28 U.S.C. § 1915,[1] and, following an independent review of the record, it appearing that plaintiff has amended his complaint pursuant to the order of court (Doc. 17) dated March 25, 2009, and that as amended, plaintiff has stated a cognizable claim for

---

[1] Section 1915(e)(2)(B)(ii) provides for dismissal of a prisoner's *in forma pauperis* complaint that fails to state a claim upon which relief may be granted.

unconstitutional conditions of confinement,[2] see Wilson v. Seiter, 501 U.S. 294, 297-302 (1991) (explaining that "those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation" (internal quotations omitted)); Tillery v. Owens, 907 F.2d 418, 426 (3d Cir. 1990) (stating that unsanitary cell conditions may constitute an Eighth Amendment violation, and that courts must examine the "totality of the conditions" to discern whether an inmate has been deprived of the "minimal civilized measure of life's necessities"), but that he has failed to state cognizable claims for infringement of the ability to freely exercise his religion, obstruction of access to the courts, unconstitutional verbal harassment, and the issuance of false misconduct reports, (see Doc. 7 at 11-17 (explaining pleading deficiencies in free exercise, obstruction of access to the courts, and verbal harassment claims); Doc. 17 at 2); Wesley v. Dombrowski, No. Civ. A. 03-4137, 2004 WL 1465650, at *7 (E.D. Pa. June 28, 2004) (holding that "the filing of a false or unfounded misconduct charge against an inmate does not constitute a deprivation of a constitutional right"); White v. Fauver,

---

[2] Wilson v. Seiter describes a two-part test to determine if a prison official is liable for violating an inmate's right to humane prison conditions under the Eighth Amendment. 501 U.S. 294 (1991). The inmate must satisfy both objective and subjective elements. The objective element requires that the alleged deprivation be "sufficiently serious," and of the type that denies "the minimal civilized measure of life's necessities." Id. at 298. Dehumanizing and unsanitary conditions may violate this contemporary standard of decency. Tillery v. Owens, 907 F.2d 418, 426 (3d Cir. 1990). At this stage in the litigation, plaintiff's allegations that his cell was infested with cockroaches and rats, and that feces and urine covered the cell walls, are sufficient to satisfy the objective element. The subjective element requires that a prison official possess a "sufficiently culpable state of mind." Wilson, 501 U.S. at 297. Specifically, the official must be "deliberately indifferent" to the health and safety of the inmate. Id. at 302-303. Plaintiff asserts that defendants Kelsoe and Chiles were responsible for assuring his cell was habitable. (Doc. 19 at 2). Plaintiff purportedly informed defendants Kelsoe and Chiles of the hygienic problems associated with his cell, but claims that they did nothing to rectify the situation. These allegations are sufficient to satisfy the subjective element, allowing plaintiff to proceed with his claim for unconstitutional cell conditions.

19 F. Supp. 2d 305, 318 (D.N.J. 1998) (same); see also Freeman v. Rideout, 808 F.2d 949, 950 (2d Cir. 1986) (explaining that "the filing of unfounded charges is not *per se* a constitutional violation" under § 1983), it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 20) is ADOPTED in part and REJECTED in part as follows:

    a. The report is ADOPTED insofar as it determines that plaintiff's complaint inadequately states the following claims: (1) infringement upon the free exercise of religion; (2) obstruction of access to the courts; (3) unconstitutional verbal harassment; and (4) the unconstitutional issuance of false misconduct reports.

    b. The report is REJECTED insofar as it determines plaintiff's complaint inadequately states an Eighth Amendment claim for inadequate cell conditions.

2. The claims described in Paragraph 1(a) will be DISMISSED.

3. The above-captioned case is REMANDED to the magistrate judge for further proceedings.

                                        S/ Christopher C. Conner
                                        CHRISTOPHER C. CONNER
                                        United States District Judge