IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL HARPER, | : | CIVIL ACTION NO. **1:CV-08-2272** |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| JEFFERY BEARD, et al., | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. BACKGROUND.**

On December 19, 2008, Plaintiff, Daniel Harper, currently an inmate at the State Correctional Institution at Graterford ("SCI-Graterford"), Graterford, Pennsylvania, filed, *pro se*, the instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 2).

We screened Plaintiff's original Complaint as required by PLRA and we issued a Report and Recommendation ("R&R") on January 13, 2009, in which we found that the Complaint stated a claim against Defendant Koelsch for excessive force under the Eighth Amendment, and an Eighth Amendment condition of confinement claim against Defendants Koelsch and Chiles for the failure to feed the Plaintiff. (Doc. 7).

On March 25, 2009, the District Court adopted our Report and Recommendation in part and rejected it in part. (Doc. 17).

On April 10, 2009, the Plaintiff filed an Amended Complaint in which he restated and expanded upon his conditions of confinement claim but failed to repeat his claim for excessive

force. (Doc. 19). On April 14, 2009, we issued a Report and Recommendation finding that the Amended Complaint was not a complete pleading, but rather, a supplement to the original Complaint. (Doc. 20).

On June 8, 2009, the District Court adopted in part and rejected in part our second Report and Recommendation. (Doc. 21). The District Court found that the Plaintiff's Amended Complaint failed to state a claim for the free exercise of his religion, obstruction of access to courts, unconstitutional verbal harassment and the issuance of false misconduct reports, but that it did state a claim for unconstitutional condition of confinement. (Doc. 21). As such, two of Plaintiff's claims were permitted to proceed. Those two claims are his Eighth Amendment conditions of confinement claim and his Eighth Amendment excessive force claim. Remaining Defendants are Koelsch and Chiles. During the relevant times of this case, Plaintiff was confined at SCI- Camp Hill.

On August 21, 2009, the Defendants jointly filed an Answer to the Plaintiff's Amended Complaint. (Doc. 37). Defendants asserted that Plaintiff failed to exhaust his administrative remedies as an affirmative defense. Discovery was completed on October 26, 2009. (Doc. 38).

On January 29, 2010, the Defendants jointly filed a Motion for Summary Judgment. (**Doc. 58**). On February 12, 2010, the Defendants filed their Brief in Support of their Motion for Summary Judgment and a Statement of Material Facts "(SMF") with attached exhibits. (Docs. 61 and 62).

On March 18, 2010, the Plaintiff filed a one-page Brief in Opposition to the Defendants' Motion for Summary Judgment. (Doc. 65).[1] On April 2, 2010, Plaintiff filed his response to Defendants' SMF, as well as his Affidavit. (Docs. 68 and 69). On April 20, 2010, Plaintiff filed a two-page Supplemental Brief. (Doc. 70). Neither Plaintiff's original opposition Brief nor his Supplemental Brief address Defendants' failure to exhaust argument raised in their Brief. (Docs. 61, 65 and 70).

## II. STATEMENT OF MATERIAL FACTS.

As their main argument in their Summary Judgment support Brief, Defendants assert that Plaintiff failed to exhaust his available DOC administrative remedies, prior to filing his Complaint, with respect to his stated Eighth Amendment claims. (Doc. 61, pp. 4-7). Defendants attached exhibits to their SMF to support his contention. (Doc. 62, Attached exhibits). Also, as stated, Defendants filed their SMF as well as evidence attached to it (Doc. 62), as required by Local Rule 56.1, M.D. Pa., which support their position that Plaintiff did not exhaust his available DOC administrative remedies. (Doc. 62, ¶'s 54.-75., Ex. A). Plaintiff, as mentioned, filed his paragraph-by-paragraph response to Defendants' SMF as he was obliged to do and as he was aware he was required to file.[2] (Doc. 68). However, with respect to

---

[1] Plaintiff attached to his one-page opposition Brief a letter to the Court requesting appointment of counsel for a third time. (Doc. 65, p. 2). We find no change in circumstances since we denied Plaintiff's second Motion for Appointment of Counsel. (Doc. 33). Thus, to the extent Plaintiff again seeks to have counsel appointed, we recommend that this request be denied.

[2] The docket reveals that Plaintiff was provided a copy of the pertinent Local Rules of this Court. (Doc. 5).

3

Defendants' SMF which he denies, Plaintiff failed to point to evidence in the record to support any of his denials. In particular, all of Defendants' SMF which pertain to their failure to exhaust argument were largely denied by Plaintiff *sans* any citation to evidence to support his denials. (Doc. 68, pp. 5-7).   More importantly, Plaintiff did not offer any evidence to dispute Defendants' evidence which shows that he failed to exhaust his present Eighth Amendment claims against them.

Since Defendants have properly filed their SMF in support of their Summary Judgment Motion (Doc. 62), as required by Local Rule 56.1 of M.D. Pa., and their facts are all properly supported by evidence, we shall adopt as our own all of Defendants' facts contained in their SMF.  Further, none of Defendants' facts are properly disputed by Plaintiff, either through his opposition Brief or through his evidence, including his unsigned Affidavit, Doc. 69.[3]  Thus, we find that Plaintiff has not properly responded to Defendants' SMF as required by Local Rule 56.1, M.D. Pa.  *See Cyrus v. Laino*, Civil No. 08-1085, M.D. Pa.; *Cyrus v. Freynik*, Civil No. 08-2278, M.D. Pa.; *Michatavi v. Martinez*, 2009 WL 5172962 (M.D. Pa.); *Hemingway v. Ellers, 2008 WL 3540526 (M.D. Pa.); Accolla v. U.S.*, 2009 WL 3625383 (M.D. Pa.), affirmed 2010 WL 763550 (3d Cir.)(court found that since Plaintiff inmate in civil rights action did not properly respond to prison staff Defendants' statement of facts as required by L.R. 56.1, M.D. Pa., Defendants' statement of facts were undisputed).  Regardless of Plaintiff Harper's failure to

---

[3] Plaintiff's averments in his unsigned Affidavit pertain to his Eighth Amendment claims and do not address the exhaustion defense raised by Defendants.

4

properly deny Defendants' statement of facts, we accept Defendants' statement of facts since they are all supported by their evidence and since Plaintiff has not offered any evidence to controvert them.

Defendants have undisputedly shown that Plaintiff did not fully and properly exhaust his available DOC administrative remedies with respect to his Eighth Amendment claims against them. Specifically, we find that the undisputed evidence shows that Plaintiff did not file any grievance regarding his Eighth Amendment excessive force claim against Defendant Koelsch and that he did not exhaust his administrative remedies with respect to his Eighth Amendment conditions of confinement claim against Defendants Koelsch and Chiles regarding their alleged failure to feed him during his confinement in the RHU at SCI-Camp Hill. (Doc. 62, Ex. A, ¶'s 11.-16.). In fact, Defendants' undisputed exhibits show that Plaintiff failed to properly exhaust his DOC administrative remedies regarding both of his Eighth Amendment claims. (Doc. 62, Ex. A).[4]

---

[4]In *Banks v. Lappin*, 2009 WL 2486341, *3 (M.D. Pa.), the Court stated:

> Prisoners must comply with the PLRA exhaustion requirement as to any claim that arises in the prison setting, regardless of the nature of the claim or the relief sought. *See Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner,* 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). Furthermor**e, courts are not permitted to "excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."** *Nyhuis v. Reno,* 204 F.3d 65, 73 (3d Cir.2000) (quoting *Beeson v. Fishkill Corr. Facility,* 28 F.Supp.2d 884, 894-95 (S.D.N.Y.1998)); *see also Woodford v. Ngo,* 548 U.S. 81, 92-94, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (explaining that the PLRA mandates that inmates "properly" exhaust their claims before filing suit in federal court).

*See also Accolla, supra.*

5

Since Defendant's SMF are supported by evidence, since Plaintiff has not properly responded to them, and since Plaintiff has not submitted any evidence to dispute them, as stated, we shall accept all of Defendants' SMF as undisputed. We shall incorporate them herein by reference and shall not repeat them herein. (Doc. 34, ¶'s 1.-23.). *See U.S. ex rel. Paranich v. Sorngard*, 396 F. 3d 326, 330, n. 5 (3d Cir. 2005) (under M.D. Pa. L.R. 56.1, the Third Circuit noted that the District Court adopted all the facts of one party that were not clearly disputed by the other party with sufficient citation to the record); *Accolla, supra.*[5]

In the case of *Barthalow v. David H. Martin Excavating, Inc.*, 2007 WL 2207897, * 1, n. 5, (M.D. Pa. 2007), this Court noted:

> The Middle District of Pennsylvania's Local Rule of Court 56.1 provides that a summary judgment motion must include a separate concise statement of material facts. M.D. Pa. Local R. 56.1. The rule also requires that an opposition to a summary judgment motion must similarly include a statement that "responds to the numbered paragraphs set forth in [the moving party's concise statement of material facts], as to which it is contended that there exists a genuine issue to be tried." *Id*. Moreover, "[a]ll material facts set forth in [the moving party's statement] will be deemed to be admitted unless controverted by the [opposing party's statement]. " *Id*.

*See also Dusenbery v. U.S.*, 2006 WL 218220, * 1 (M.D.Pa. 2006) ("it appearing that defendants' statement of material facts was properly deemed admitted by plaintiff *see* L.R. 56.1 providing that the moving party's statement of material facts will be deemed admitted unless the

---

The law is clear that Plaintiff was required to exhaust his administrative remedies before he filed his instant action. *See Walker v. Health Services, Lewisburg Penitentiary*, 2007 WL 1395361, * 3 (M.D. Pa.).

[5]*See also Paranich* District Court case at 286 F. Supp. 2d at 447, n. 3.

6

non-moving party specifically contradicts the statement").

Plaintiff is currently serving a sentence of one to four years for False Reports to Law Enforcement and Theft. (Doc. 62, Exs. N and P). During the relevant times of this case, Plaintiff was confined at SCI- Camp Hill. (Doc. 62, Exs. K & L). On September 16, 2008, Plaintiff was housed in the Restricted Housing Unit ("RHU") at SCI-Camp Hill and was placed into cell A1-16. (Doc. 62, Ex. K). Defendants Koelsch and Chiles were members of the prison staff at SCI-Camp Hill when Plaintiff was confined there.

Concerning the exhaustion issue, Defendants' undisputed evidence shows as follows:

7. I work in this Office, as it relates to the aforementioned Grievance Policy, by reviewing and disseminating all initial inmate grievances at SCI-Camp Hill.

8. I am a records custodian for all grievances submitted.

9. Counsel for the Department requested I review the grievance records involving inmate Daniel Harper, HQ-7903 (hereinafter: Harper), to determine whether he filed any grievances relating to any events which occurred when he was incarcerated i the RHU at SCI-Camp Hill.

10. Harper was incarcerated at SCI-camp Hill from July 10, 2008 through December 3, 2008 before he was transferred to SCI-Graterford.

11. I have researched the records from our office. The only grievances filed by Harper while he was incarcerated at SCI-Camp Hill in 2008 during are: Grievances 244472 (dated September 24, 2008), and Grievance 250678 (dated November 17, 2008). Grievance 244472 is attached as Exhibit C1 and its response is attached as Exhibit C2. Grievance 250678 is attached as D1 and its response is attached as D2.

12. Of the three grievances Harper filed at SCI-Camp Hill, only Grievance No. 250678 related to events in the RHU. That Grievance complained of false misconduct and a lack of food. It was filed on November 17, 2008, and denied at the initial grievance level. Harper did not appeal the denial to either the Superintendent or to SOIGA.

13. Harper has filed no grievance related to alack of sanitary conditions in his cell at Camp Hill.

14. Harper has also not filed any grievances pertaining to any claim of excessive force.

15. Harper has not appealed any grievance at SCI-Camp Hill beyond the initial level of review.

16. Harper has not filed any grievances naming Defendants Chiles or Koelsch.

(Doc. 62, Ex. A, Declaration of Volciak, ¶'s 7.-16.).

Defendants' undisputed evidence also shows:

61. RHU inmates are provided with grievance forms and RHU "flex" pens.

63. Moreover, the grievance officer for RHU issues, Unit Manager Chris Chambers, made multiple rounds in the RHU each week. Inmates know that if there is a problem, that Unit Manager Chambers is available to assist them during his rounds, and would assist them with the filing of a formal grievance if the problem is not resolved.

(Doc. 62, Ex. K, Declaration of Defendant Chiles, ¶'s 61. and 63.).

Moreover, Defendants' undisputed evidence also shows:

4. The grievance tracking system of the Secretary's office of Inmate Grievances and Appeals tracks grievances by inmate name and number back to August of 2001.

5. I am a records custodian for all grievance appeals submitted to the Secretary's Office of Inmate Grievances and Appeals.

6. Counsel for the Department requested I review the grievance appeal records involving inmate Daniel Harper (HQ-7903) (hereinafter: Harper), to determine whether any grievances were appealed to this Office for Final Review during his incarceration in DOC custody. Harper has been incarcerated at the DOC since July 10, 2008.

7. I have researched the records from our Office and have confirmed that Harper has not appealed any grievances to final review during the time

he was incarcerated at the DOC.

(Doc. 62, Ex. O, Declaration of DOC Chief Grievance Officer Varner, ¶'s 4.-7.).

As mentioned, Plaintiff offers no evidence to dispute Defendants' evidence regarding the exhaustion issue, and his unsigned Affidavit does not address this issue. (Doc. 69).

## III. PLAINTIFF'S ALLEGATIONS.

The two remaining Defendants are Koelsch and Chiles. Defendants Koelsch and Chiles were Correctional Officers employed by the Pennsylvania Department of Corrections ("DOC") at the SCI-Camp Hill during the relevant time.

Plaintiff raised two claims under the Eighth Amendment: 1) conditions of confinement claims; and 2) an excessive force claim. First, Plaintiff alleged that his cell conditions in the RHU were uninhabitable. He alleged that his cell was not cleaned following the confinement of prior inhabitants. More specifically, Plaintiff alleged that feces and urine were on the cell's walls during his confinement period. He further averred that the toilet leaked and that the cell's floor was infested with roaches. He stated that both Defendants Koelsch and Chiles were responsible for his cell's cleanliness, and that they failed in their duty to maintain a habitable cell. Plaintiff also alleged that from September 16, 2008 to October 10, 2008, he was not fed on numerous occasions and as a result lost twenty pounds. Lastly, Plaintiff averred that on November 15, 2008, and for three days subsequent to that date, he was deprived of a mattress, jump suit, and blanket while having to sleep with his cell window open.

Plaintiff's second Eighth Amendment claim is his excessive force claim. For this claim, Plaintiff alleged that Defendant CO Koelsch physically assaulted him (Plaintiff) on October 4,

9

2008, while he was being handcuffed to the cell.

Plaintiff sought monetary damages for pain and suffering as relief. Plaintiff has failed to state that he was physically injured during Defendant CO Koelsch's alleged assault. As discussed in our previous R&R (Doc. 7), we note that Plaintiff cannot recover monetary damages for pain and suffering absent a physical injury.[6] Additionally, Plaintiff requested that disciplinary actions be taken against Defendants for their malignant treatment of inmates. Again, as discussed in our previous R&R (Doc. 7), this Court has no authority in a §1983 civil rights action to take disciplinary action against the Defendant employees of the PA DOC. Lastly, Plaintiff sought a lesser sentence than his one- to four-year period of confinement. Again, this relief is not proper in a § 1983 civil rights action. *See Medina v. Morton*, 2006 WL 758302, * 5 (D.N.J.)("In *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973), the Supreme Court held that a habeas petition is the proper mechanism for an inmate to challenge that "fact or duration of his confinement."). Plaintiff did not state if he sued Defendants in their official or individual capacities.[7] (Doc.1pp.

---

[6]Plaintiff seeks damages for pain and suffering, *i.e.* mental injury, and this claim may be precluded since he has not alleged physical injury. *See* 42 U.S.C. § 1997e(e). The law is clear that an inmate may not file a federal civil rights action based on a claim of mental or emotional injury seeking compensatory damages without any prior showing of physical injury. Here, the Plaintiff does not claim any physical injury. Thus, a claim for damages for emotional distress may be precluded. *Allah v. Al-Hafeez,* 226 F.3d 247, 250-251( 3d Cir. 2000). *See also Mower v. DCP*, 2005 WL 1322738 (M.D. Pa.).

[7]Insofar as Plaintiff has requested monetary damages, if he sues Defendants in their official capacities, this request is barred by the Eleventh Amendment. The Eleventh Amendment does not bar a suit against a state official in his personal capacity. *See Atwell v. Schweiker*, 2007 WL 2900565 (3d Cir.) (Non-Precedential). However, since Plaintiff requests compensatory damages as relief as against Defendants, we conclude that he sues Defendants in their individual or personal capacities since the Eleventh Amendment does not bar suits against

1-3). Because Plaintiff is seeking monetary damages from Defendants, he can only sue the state Defendants in their individual or personal capacities. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, \*3 (M.D. Pa.); *Atwell v. Schweiker*, 2007 WL 2900565 (3d Cir. 2007) (Non-Precedential).

## IV. STANDARD OF REVIEW.

*A. Summary Judgment Standard*

In *Allen v. Fletcher*, 2009 WL 1542767, \*2 (M.D. Pa.), the Court outlined the applicable standard to apply when considering a summary judgment motion as follows:

> Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
>
> Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Id.* An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id.*
>
> Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2D § 2727 (2d ed.1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to

---

state officials for monetary damages in their personal capacities. (Doc. 1, p. 3). *Atwell, supra*.

11

> make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
>
> All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *White v. Westinghouse Elec. Co.,* 862 F.2d 56, 59 (3d Cir.1988). Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson,* 477 U.S. at 256-57.
>
> The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249.

"Material facts" are those which might affect the outcome of the suit. *Justofin v. Metropolitan Life Ins. Co.*, 372 F.3d 517, 521 (3d Cir.2004).

*B. Section 1983 Standard*

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). *See also Holocheck v. Luzerne*

12

*County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005).[8]

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of respondeat superior. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs . . . . [P]ersonal involvement can be shown
> through allegations of personal direction or of actual knowledge and
> acquiescence. Allegations of participation or actual knowledge
> and acquiescence, however, must be made with appropriate
> particularity. (Citations omitted).

*See also Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051,*3("a prerequisite for a viable civil rights claim is that a Defendant directed, or knew of and acquiesced in, the deprivation of a Plaintiff's constitutional rights.") citing *Rode, supra*.

## V. DISCUSSION.

Defendants initially argue that they are entitled to summary judgment as a matter of law because the Plaintiff failed to exhaust available administrative remedies under the Prison

---

[8] It is undisputed that both remaining Defendants were employed by the DOC at SCI-Camp Hill during the relevant times of this case, and that they are state actors. (Doc. 62, ¶ 2).

13

Litigation Reform Act, 42 U.S.C. § 1997 ("PLRA"). Defendants assert this argument with respect to both Plaintiff's conditions of confinement claims and his excessive force claim. Because Plaintiff's exhaustion of his Eighth Amendment claims against Defendants is a threshold issue, we are compelled to discuss this argument first. *See Banks v. Roberts*, 2007 WL 3096585, * 1 (3d Cir. 2007)(Non-Precedential); *Hemingway v. Ellers*, 2008 WL 3540526, *8. As discussed below, we will recommend that Defendants be granted summary judgment because the undisputed evidence shows that Plaintiff failed to exhaust his available administrative remedies regarding both of his Eighth Amendment claims as required under the PLRA.

The PLRA provides that, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility, until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id*.

The Third Circuit Court of Appeals, has held that the defendant has the burden of pleading and proving failure to exhaust administrative remedies as an affirmative defense in a § 1983 action. *Ray v. Kertes*, 285 F.3d 287, 295-96 (3d Cir. 2002); *Hemingway v. Ellers*, 2008 WL 3540526, *9. The Third Circuit has repeatedly stated that the PLRA "requires that inmate-

14

Plaintiffs exhaust all administrative remedies prior to filing suit in federal court." *Banks v. Roberts*, 2007 WL 3096585, * 1 (3d Cir. 10-19-07)(Non-Precedential) (citation omitted); *Accolla, supra*. The *Banks* Court also noted that a futility exception to the PLRA's mandatory exhaustion requirement is completely precluded. *Id.*

Pennsylvania's DOC Grievance System is a three-part process.[9] *See Booth v. Churner*, 206 F.3d 289, 293 (3d Cir. 2000), *aff'd on other grounds*, 532 U.S. 731 (2001) (holding that excessive force is a prison condition subject to the PLRA's exhaustion requirement). First, an inmate must file an initial grievance specifying the incident in question, persons who may have helpful information, and the relief sought. If the initial grievance is denied an inmate must then appeal to the Superintendent. Subsequently, if an inmate's appeal to the Superintendent is denied he must appeal to the Secretary's Office of Inmate Grievances and Appeals (SOIGA). *Id*. (Doc. 62, Ex. A, ¶'s 4.-5.). Thus, pursuant to *Banks*, an inmate must complete all three parts to establish that he has exhausted his administrative remedies. *Banks v. Roberts*, 2007 WL 3096585, * 1 (3d Cir. 10-19-07)(Non-Precedential) (citation omitted). Failure to complete any component of the administrative process will preclude an inmate's claim in federal court. *Id.*

Here, Defendants' undisputed evidence shows that Plaintiff Harper filed two grievances during his relevant time in the RHU.[10] (Doc. 62, Ex. C1 and D1). Plaintiff's first grievance

---

[9] Defendants' evidence includes the DOC Policy Statement regarding the Inmate Grievance System. (Doc. 62, Ex. B).

[10] Defendants' support their affirmative defense that Plaintiff failed to exhaust his administrative remedies regarding his Eighth Amendment claims *via* two Declarations. (Doc. 62, Ex. A, Decl. of Robert Volciak and Ex. O, Decl. of Dorina Varner).

15

(Grievance No. 244472) was dated September 24, 2008. (Doc. 62, Ex. C1). As Defendants point out in their Brief (Doc. 61, p. 6), "[i]n that grievance, Harper complained about the misconduct that landed him in the RHU. Harper did not mention any of the allegations that underlie this case." Specifically, Plaintiff did not name Defendants Chiles and Koelsch, and he did not mention any allegation of excessive force by Defendants or poor cell conditions. Plaintiff's second grievance (Grievance No. 250678) was dated November 17, 2008. (Doc. 62, D1). In this Grievance, Plaintiff complained about false misconducts and not being fed properly. Specifically, as Defendants state (Doc. 61, p. 6), "[i]n that grievance, Harper complained about [alleged] false misconducts and lack of food. However, Harper did not name [Defendants] Chiles and Koelsch, [and he did not] mention any allegation of excessive force or poor cell conditions." (See also Doc. 62, Ex. A, ¶'s 11.-14.). Neither of Plaintiff's grievances mention Defendants Koelsch and Chiles by name. Neither grievance makes allegations of excessive force or poor cell conditions. Additionally, as Defendants point out (Doc. 61, p. 6), their undisputed evidence shows that Plaintiff failed to appeal either grievance beyond the initial level of review under DOC policy. Doc. 62, Ex. A, ¶'s 15.-16.). Thus, pursuant to *Banks*, Defendants' evidence shows that Plaintiff Harper has failed to exhaust his administrative remedies regarding his present Eighth Amendment claims. *See Banks* 2007 WL 3096585, * 1 (explaining that a Plaintiff must file his claim with the appropriate agency and he must "receive a final denial by that agency before filing a complaint in federal court."). As this Court stated in *Fortune v. Bitner*, 2006 WL 2796158, * 7 (M.D. Pa.):

> Under the Prison Litigation Reform Act ("PLRA"), exhaustion
> of administrative remedies is required for all actions concerning

16

prison conditions brought under federal law. *See* 42 U.S.C. § 1997e(a); *see Woodford v Ngo*, 126 S.Ct. 2378 (2006). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516 (2002). "The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford*, 126 S.Ct. at 2387 (internal quotation and citation omitted). "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." *Id*. at 2388.

The PLRA mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court. *Id*. at 2387. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id*. at 2386. Failure to substantially comply with the procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. *Spruill v. Gillis*, 372 F.3d 218, 227-32 (3d Cir. 2004). The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." *Nyhuis v. Reno*, 204 F.3d 65, 71 (3d Cir. 2002).

The *Fortune* Court also stated:

The PLRA's exhaustion requirement was designed to reduce the quantity and improve the quality of prisoner lawsuits, as well as afford corrections officials an opportunity to address complaints internally before allowing the initiation of a federal suit. *Woodford*, 126 S.Ct. at 2387-88 ("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance."). The PLRA exhaustion requirement is satisfied if the Plaintiff files a grievance and appeals the denial of the grievance to the highest level possible, giving the prison "fair notice" of the claim and an opportunity to remedy it. To provide fair notice of a claim, the plaintiff must allege specific acts of mistreatment or misconduct and identify the responsible party or parties. *See Pack v. Martin*, 174 Fed. Appx. 256 (6th Cir. 2006); *Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004); *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir.

> 2003). Although neither the Third Circuit Court of Appeals nor the
> Supreme Court has defined how specific an inmate's administrative
> grievance must be to place the prison on "fair notice" of a claim
> prior to pursuing it in federal court, the Supreme Court has held that
> the prisoner's compliance with the agency's applicable administrative
> remedy process should be the yardstick for making such an assessment.
> *Woodford*, 126 S.Ct. at 2386; *Spruill*, 372 F.3d at 227-32.

*Id.*, * 9.

We agree with Defendants, and find that, based on the undisputed evidence, Defendants have proven (as it is their burden under *Bock*, 127 S. Ct. 921) that Plaintiff did not exhaust his instant Eighth Amendment claims against them.

We find that because the evidence is undisputed that the Plaintiff has not fully exhausted his administrative remedies with respect to his present Eighth Amendment claims against Defendants, the Court should grant Defendants' Summary Judgment Motion and enter Judgment in their favor and against Plaintiff.

## VI. RECOMMENDATION.

Based on the above discussion, we respectfully recommend that Defendants' Motion for Summary Judgment **(Doc. 58)** be granted, and that Judgment be entered in favor of Defendants and against Plaintiff with respect to Plaintiff's Eighth Amendment claims. We further recommend that the Court close this case.



                                          s/ Thomas M. Blewitt
                                          **THOMAS M. BLEWITT**
                                          **United States Magistrate Judge**

**Dated: August 5, 2010**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL HARPER, | : | CIVIL ACTION NO. **1:CV-08-2272** |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| JEFFERY BEARD, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 5, 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen (14)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                                      s/ Thomas M. Blewitt
                                                                      **THOMAS M. BLEWITT**
                                                                      **United States Magistrate Judge**

**Dated: August 5, 2010**