# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL HARPER**, | : | CIVIL ACTION NO. 1:08-CV-2272 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **JEFFERY BEARD**, *et al.*, | : | |
| Defendants | : | |

## ORDER

AND NOW, this 28th day of September, 2010, upon consideration of the report of the magistrate judge (Doc. 72) recommending that defendants' motion (Doc. 58) for summary judgment pursuant to FED. R. CIV. P. 56(c) be granted, and upon further consideration of the objections (Doc. 73) to the report filed by plaintiff Daniel Harper ("Harper"),[1] and defendants' opposition (Doc. 75) to Harper's objections, and Harper's

---

[1] Harper's brief in opposition to the motion for summary judgment makes a third request for the appointment of counsel (see Doc. 65 at 3; see also Docs. 8, 31), and his objections to the magistrate's report includes an objection to the court's failure to appoint counsel. (Doc. 73 at 2). Harper alleges he has severe, untreated Attention Deficit Hyperactivity Disorder ("ADHD"), and points to Drone v. Hutto, 565 F.2d 543 (8th Cir. 1977), as support for the proposition that a *pro se* litigant who suffers from a mental illness should be appointed counsel. (Doc. 65 at 2; Doc. 73 at 2). Harper misreads Drone. The Eighth Circuit in Drone did not reach the issue of whether the district court erred in refusing to appoint counsel for the *pro se* prisoner litigant. Drone, 565 F.2d at 544. However, in the Third Circuit case of Scott v. Plante, 532 F.2d 939, 949-50 (3d Cir. 1976), the court stated that the district court should have given more serious consideration to the appointment of counsel for a plaintiff bringing a § 1983 action when plaintiff was in a psychiatric hospital.

In the instant matter, Harper provides no support for his alleged condition instead stating that he will send document proof at a later time. (Doc. 73 at 2). However, even if Harper suffers from ADHD, the court's research does not reveal any cases in which either this court, or any other federal court has appointed counsel for a *pro se* plaintiff on the basis that he suffers from ADHD alone.

response (Doc. 77) to defendants' opposition, and, following an independent review of the record, it appearing that Harper alleges an Eighth Amendment conditions of confinement claim and an Eighth Amendment excessive force claim[2] (Doc. 19), and it further appearing that Harper failed to exhaust his administrative remedies as required under the Prisoner Litigation Reform Act, 42 U.S.C. § 1997 ("PLRA") (providing that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other

---

Furthermore, the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (DSM-IV) classifies ADHD as a mental disorder, but the manual specifically
> admonishes that because of the "imperfect fit between the questions of ultimate concern to the law and the information contained in a clinical diagnosis[,] in most situations, the clinical diagnosis of a DSM-IV mental disorder is not sufficient to establish the existence for legal purposes of a 'mental disorder,' 'mental disability,' 'mental disease,' or 'mental defect.' In determining whether an individual meets a specified legal standard . . . additional information is usually required beyond that contained in the DSM-IV diagnosis. . . . It is precisely because impairments, abilities, and disabilities vary widely within each diagnostic category that assignment of a particular diagnosis does not imply a specific level of impairment or disability."

Bercovitch v. Baldwin School, Inc., 133 F.3d 141, 155 n.18 (1st Cir. 1998) (citing DSM-IV at xxiii) (discussing ADHD in the context of an ADA case). The court, therefore, rejects Harper's third request for the appointment of counsel for the reasons previously stated.

[2] Harper filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 19, 2008. (Doc. 1). His complaint was dismissed in part without prejudice with leave to file an amended complaint. (See Doc. 17). Harper filed an amended complaint, which the magistrate judge construed as a supplement to the original complaint. (Doc. 20). After an independent review of the report and recommendation regarding the amended complaint, this court found that Harper failed to state a claim for free exercise of religion, obstruction of access to courts, unconstitutional verbal harassment and the issuance of false misconduct reports, but that he did state a claim for unconstitutional conditions of confinement. (Doc. 21).

2

correctional facility, until such administrative remedies as are available are exhausted");³ see also Porter v. Nussle, 534 U.S. 516, 532 (2002) (PLRA applies to all inmate suits about prison life); Booth v. Churner, 532 U.S. 731, 739 (2001) (exhaustion of available administrative remedies is mandatory), and the court finding that it is not permitted to "excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis," Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (quoting Beeson v. Fishkill Corr. Facility, 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998)), and the court noting that Harper's objections raise allegations that his attempts to file grievances were obstructed,⁴ and that he was not permitted to inspect his medical

---

³ Harper was housed in the Restricted Housing Unit ("RHU") at the State Correctional Institute at Camp Hill ("SCI-Camp Hill") at the time of the alleged constitutional violations. Pursuant to 37 PA. CODE 93.9 the Pennsylvania Department of Corrections maintains a grievance system. Administrative Directive DC-ADM 804, entitled "Inmate Grievance System" establishes a three-step process for inmate complaints: (1) the inmate must file an initial grievance within 15 days of the incident specifying the incident, persons with helpful information, and the relief sought; (2) if denied, the inmate must appeal to the facility manager within 10 days; and, (3) if the appeal to the facility manager is denied, the inmate must appeal within 15 days to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"). (Doc. 62 Ex. A ¶¶ 4-5; see also Doc. 62 Ex. B (DOC policy statement regarding inmate grievance system); Booth v. Churner, 206 F.3d 289, 293 n.2 (3d Cir. 2000) (explaining PLRA grievance system), aff'd on other grounds, 532 U.S. 731 (2001). SCI-Camp Hill had the state-mandated inmate grievance system in place at all times relevant to Harper's complaint.

⁴ Harper claims that he could not file grievances because he was restricted in a Psychiatric Observation Cell, because grievances were never placed in the mail or were ripped up in front of him, and because he was not given grievance forms or pen and paper. (Doc. 73-2 at 1). In his answer (Doc. 68) to defendants' statement of material facts, Harper generally avers that grievance forms were not provided when needed (¶ 62), that he attempted to file grievances (¶63), and that he gave appeals of his grievances to staff members (¶¶ 65, 67). However, Harper fails to cite to any support in the record for his averrments. See Daniels v. Kelchner, No. 1:05-CV-

3

records,[5] and the court further noting that these allegations are unsupported by any evidence in the record, and the court concluding that at the summary judgment stage Harper's unsubstantiated allegations are insufficient to survive summary judgment, see

---

1601, 2009 WL 743577 at *8 (M.D. Pa. 2009 March 18, 2009) (granting summary judgment to defendants where "[p]laintiff's attempt to circumvent the obligation to exhaust by arguing that Defendants refused to provide him a grievance form [was] completely lacking in evidentiary support"). The record actually refutes Harper's claims that he was unable to file grievances. Harper filed a grievance on September 24, 2008, and another on November 27, 2008. (Doc. 62 ¶¶ 64, 66; Doc. 68 ¶¶ 64, 66).

Harper attaches to his objections to the magistrate judge report and recommendation an affidavit from Eric M. Miskovitch, a prisoner at SCI-Camp Hill in 2010, that alleges that inmate grievances were destroyed. (Doc. 73-2 at 3). The court rejects the attempt to supplement the record at this point as untimely and further finds the affidavit to be irrelevant as Miskovitch was not a prisoner at SCI-Camp Hill during the period in which Harper alleges the violations and inability to file grievances.

The magistrate judge adopted in full defendants' statement of material facts, which were supported by evidence in the record, because Harper's answer to the statements failed to cite to the record for support as required by L.R.56.1 (statement of material facts supporting or opposing a motion "shall include references to the parts of the record that support the statements"). By court order dated March 2, 2010 (Doc. 65), Harper was provided with a copy of the Standing Practice Order which contains an explanation of the procedures to be followed when motions are filed and a copy of the pertinent portions of the Local Rules.

[5] Harper states that he was not given time to review his medical records and was not provided with a copy of them as part of his discovery. (Doc. 73). As the court stated in its order dated September 7, 2010, Harper's complaints regarding discovery of his medical records are untimely and futile. (Doc. 76). Prisoners have no right to free photocopying for use in lawsuits, see Kelly v. United States, No. 4:08-CV-1813, 2008 WL 4601797 at *2 (M.D. Pa. Oct. 15, 2008), and there is no requirement that the government or defendants pay for an indigent plaintiff's discovery efforts. Id. The first time Harper raised this issue was in his objections to the report and recommendation (Doc. 75), and discovery has long since closed. (See Doc. 57 (order extending time to respond to document production to January, 29, 2010)). Moreover, Harper's objections about his medical records are irrelevant to the issue of exhaustion of his administrative remedies. Harper apparently believes there are contradictions in the medical records as compared to the affidavits submitted by the defendants (Doc. 77 at 3), but he fails to state how this is relevant to the issue of exhaustion.

4

FED. R. CIV. P. 56(e)(2) (stating that "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleadings"); see also Daniels v. Kelchner, No. 1:05-CV-1601, 2009 WL 743577 at *3 (M.D. Pa. Mar. 18, 2009) (allegations lacking evidentiary support may be disregarded) (citing Jones v. UPS, 214 F.3d 402, 407 (3d Cir. 2000)), it is hereby ORDERED that:

1. The report and recommendation (Doc. 72) of the magistrate judge is ADOPTED.

2. The defendants' motion (Doc. 58) for summary judgment pursuant to FED. R. CIV. P. 56(c) is GRANTED.

3. The Clerk of Court is directed to enter JUDGMENT for the defendants.

4. The Clerk of Court is directed to CLOSE this case

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge